HERMETIC SEAL PRODUCTS COM-
PANY, P. R., Defendant,
Appellant,

v.

UNITED STATES of America,
Plaintiff, Appellee.

No. 5951.

United States Court of Appeals
First Circuit.

Nov. 13, 1962.

Certiorari Denied Jan. 7, 1963.

See 83 S.Ct. 510.

Louis A. Tepper, New York City, with whom Stuart F. Cartoon, Tarrytown, N. Y., was on brief, for appellant.

David L. Rose, Atty., Dept. of Justice, with whom William H. Orrick, Jr., Asst. Atty. Gen., Francisco A. Gil, Jr., U. S. Atty., and John G. Laughlin, Atty., Dept. of Justice, were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

In this case, 1 Cir., 307 F.2d 809, we stayed judgment until final determination by the Tax Court of the United States of the question whether the Renegotiation Act of 1951, 65 Stat. 7, 50 U.S.C.Appendix § 1211 et seq. applied to income derived from contracts performed in Puerto Rico by a Puerto Rican corporation. On this petition counsel for the United States calls our attention to the fact that the appellant filed no bond in the Tax Court and that § 108 of the Act, as amended, 70 Stat. 791, 50 U.S.C. Appendix § 1218, provides that the filing of a petition in the Tax Court shall operate to stay the execution of an order of the Renegotiation Board "only" if an adequate bond is filed with the Tax Court within ten days after the petition is filed, that although it appealed to this court the appellant filed no supersedeas bond as required by Rule 73(d), Fed.R. Civ.P. and that § 108, supra, provides that any amount collected by the United States in excess of the amount found due by the Tax Court shall be refunded to the contractor with interest at four per centum from the date of collection to the date of refund.

We think the Government's petition is well grounded. In view of the statutory

provisions referred to above there is no need to give the appellant protection it did not request and which was readily available to it by simply filing a bond. Even if we had the statutory power, which is open to question, we are now convinced that our gratuitous favor to the appellant was ill-advised.

An order will be entered vacating the judgment of August 30, 1962, and a new judgment will be entered affirming the judgment of the District Court.